[Civ. No. S. C. 21.  Second Appellate District, Division One.—March 19, 1937.]

JOSEPH P. CHAMBERLAND, Appellant, v. MARGUERITE D. WHITNEY, as Executrix, etc., et al., Respondents.

J. Vincent Hannon for Appellant.

Charles H. Stead for Respondents.

DESMOND, J., *pro tem.*—The plaintiff in this case, claiming to be the owner of an undivided one-half interest in and to a certain parcel of real estate in Pomona, and alleging that the defendants were the owners, jointly, of the other undivided half interest, filed a complaint for partition. All the defendants resisted the suit, and the defendant Marguerite D. Whitney, as executrix of the will of George L. Whitney, filed a cross-complaint, claiming that the plaintiff was in fact a constructive trustee for the benefit of the defendants, George Whitney's heirs, of the undivided half interest which the plaintiff claimed to own. This claim was sustained by the trial court and judgment rendered accordingly. From that judgment this appeal is taken. It is claimed that the evidence did not justify the findings of the trial court or the judgment based thereon; also, that the court erred in ruling upon the admissibility of certain testimony offered by the cross-complainant.

For a proper discussion of the facts it will be necessary to describe specifically two adjoining parcels of real estate in Pomona. The parcel which the plaintiff sought to have partitioned, and which we shall hereafter call "A", is described as "the South 12.68 feet of Lot 10 and all of Lot 11 of Hicklin's Subdivision of the South ½ of Hicklin Tract in the City of Pomona in said County, as per Map recorded in Book 55 at page 19, Miscellaneous Records of said County". The other parcel immediately adjoins upon the north the parcel just mentioned, and may be described as "the North 44 feet of Lot 10 of Hicklin's Subdivision", etc. We shall refer to this parcel as "B". Parcel A is numbered 819 North Gordon Street; parcel B, 833 North Gordon Street. It appears from the record that on June 13, 1922, title to lots 10 and 11 above mentioned became vested, by deed of Browne, in George L. Whitney and Martha A. Whitney and Dudley

P. Whitney, as joint tenants with right of survivorship. Dudley was the son of George and Martha Whitney. On June 25, 1924, all the above-named grantees, joint tenants, passed title to Arthur V. Ware, a single man, and upon the same day Ware reconveyed the north 44 feet of lot 10 (i. e., parcel B) to George L. Whitney and Martha A. Whitney, husband and wife, as joint tenants, and the balance of the property, namely, the south 12.68 feet of said lot 10 and all of said lot 11 (i. e., parcel A), to George L. Whitney, married, as his separate property, and Dudley P. Whitney, single, each an undivided half interest. On November 20, 1928, George L. Whitney and Martha Whitney conveyed record title to the north 44 feet of lot 10 (parcel B) to Dudley P. Whitney and Alvina E. Whitney, husband and wife, as joint tenants.

Within the next few years, all the above-mentioned members of the Whitney family, Martha, Dudley, Alvina and George, passed away, and the present suit lies between a brother of Alvina Whitney, who is the plaintiff, Chamberland, and the children of Dudley Whitney (not by Alvina, but by a former wife), who are, of course, also the grandchildren of George Whitney. Martha, the wife of George, died on April 5, 1930; Dudley died next, on July 3, 1930, and left a will by which he bequeathed $500 to his father, George L. Whitney, and after certain other bequests left all the rest, residue and remainder of his property to his wife, Alvina. This residue included the one-half interest of Dudley in parcel A, and by his death parcel B passed to his wife, Alvina, in full ownership, as surviving joint tenant. On September 16, 1930, George executed to Alvina an assignment of the $500 legacy mentioned in Dudley's will. Previously, on August 12, 1930, he had executed a joint tenancy deed, passing title to himself and Alvina as joint tenants to certain described real estate, including all of parcel A, which, however, as we have indicated, he did not own in entirety. That deed was recorded on September 17, 1930. Alvina died testate on the 9th of February, 1932. Her will was admitted to probate on March 8, 1932, and Margaret Babcock appointed executrix thereof. By her will all her property, except a legacy of $400 to Edward Charles Chamberland, was bequeathed to the plaintiff Joseph P. Chamberland, her brother

and residuary legatee, but subject to a life estate in George L. Whitney.

The decree of distribution in the estate of Alvina did not mention the undivided half interest in parcel A, nor was that property listed in the inventory as part of her estate. But the decree contained an "omnibus clause", and it is under this decree that the plaintiff claims title to an undivided half interest in parcel A. George Whitney passed away on December 12, 1933, and a little later this suit in partition was instituted.

In resisting the action, and asking the court to declare a constructive trust, cross-complainant charged that Alvina took advantage of her father-in-law, a man 81 years of age, who reposed great confidence in her, by failing to disclose to him the true condition of the title to parcel A. It appeared at the trial that on August 12, 1930, the date when the joint tenancy deed was signed by George, transferring, by its terms, title to all of parcel A (and certain other real estate) to himself and Alvina, the attorney who, according to the court's finding, represented Alvina (but who, appellant claims, according to the evidence, represented George), was under the impression that George, as a surviving joint tenant of Dudley, was the owner of a one-half interest in parcel A, and, as the record owner of the other half interest, was in position to make Alvina and himself joint tenants as to the whole parcel. The court found that he so informed George and Alvina and that they both believed that the deed of George alone would be sufficient to accomplish that result. At the trial certain correspondence between the attorney and a title company showed conclusively that before the end of August, 1930, the attorney was definitely advised as to the true condition of the title, and the court found that he communicated that information to Alvina, but not to George; that Alvina, knowing that George was mistaken as to the facts, withheld from him the information that the recordation of his deed would make them joint tenants of his undivided half interest only, and that as to the other half she would thereafter remain the sole owner, as Dudley's residuary legatee. The court further found that when George delivered the deed of August 12th to the attorney, it was for the purpose of having it recorded when and if he could procure a policy of title insurance showing the whole title

to parcel A vested in George and Alvina as joint tenants; that George would not have executed the $500 assignment (which the court found was consideration moving from George under the agreement of the parties) or the deed of August 12th if he had known the true condition of the title, and if he had not relied upon Alvina's promises and the confidence he had in her. There were additional findings to the effect that George remained ignorant of the "true condition of the said property", i. e., of the title to parcel A, until the time of his death; that the executrix of Alvina's estate failed to list in the inventory which she filed, or to assert during probate proceedings, any interest in parcel A; further, that during George's lifetime no interest or claim thereto was asserted by appellant. It was also found by the court that on August 12, 1930, George and Alvina agreed that the whole title to parcel A should be conveyed to both of them as joint tenants and not as tenants in common; that, pursuant to that agreement, George conveyed all his right to said property, but Alvina failed, neglected and refused to convey her right. We construe this finding to mean that Alvina failed to convey her right when, according to findings, subsequently to August 12th, she learned that such action on her part would be necessary to make George a joint tenant with her of the entire interest in the parcel.

■ Reviewing these various findings, we cannot find evidence in the record to support some of the most vital of them. The attorney to whom George Whitney delivered the deed for record did not believe that he was told he could have it recorded when and if he could secure a certificate showing title to the entire property, parcel A, in George and Alvina as joint tenants. When he learned from the title company the true condition of the title, he advised George concerning it, according to his testimony; and there is no testimony that he advised Alvina. He testified that upon George's saying, "I don't care anything about it myself; I want to protect Alvina," he wrote the letter of September 17th, in which he asked the title company to furnish him with a certificate showing an undivided half interest in parcel A to be held in joint tenancy by George and Alvina under George's deed; that that letter "was written after he had impressed upon me he was anxious to protect Alvina and get the title closed up".

As to the finding that the assignment by George of his $500 legacy would not have been made if he had known the true condition of the title, we note that the only evidence relating to the assignment was to the effect that it was made to liquidate a debt owed by George to Alvina. We can find no evidence to support the finding that George agreed to assign the legacy as consideration for Alvina's making him a joint tenant of her half interest or in reliance upon any promise of her to do so. In fact, the theory of the respondent, upon which her case rests, and the findings in accordance therewith, that George never knew or suspected, up to the time of his death, that Alvina had any interest in the parcel, contradict this finding as to the reason why the assignment was made. In passing, we may observe that respondent testified that after Alvina's death she discovered that some question existed as to the title of parcel A. Just when the discovery was made does not appear from the record, except as it may be inferred from the testimony that it was when the witness investigated the matter of an inheritance tax payment, and the further fact that cross-complainant introduced in evidence a report showing payment by George Whitney of an inheritance tax in the estate of Alvina. But that the respondent discussed property affairs with her grandfather and that he understood them appears quite clearly from her testimony that he once told her that if the attorney who acted in these various matters ''ever called at the house he would ask him why the 833 property (833 North Gordon Street) had not been included in the joint tenancy agreement''. Incidentally, this report that George was aware that parcel B (833 North Gordon Street) was not held in joint tenancy by Alvina and himself does not square with the information which, according to the evidence, he gave another witness for the respondent who testified, over objection, as follows: ''George L. Whitney wrote me personally, as I was his niece, from time to time, and he stated to me in these letters that everything had been arranged whereby both properties known as 819 and 833 North Gordon Street, Pomona, California, belonged to himself and Alvina E. Whitney and that in the event of the death of one the survivor would have the whole property.'' ■ Such a statement by George Whitney was, of course, self-serving, and should not have been admitted in evidence, under

the rule set out in 10 California Jurisprudence, page 1100: "Declarations of a person since deceased, not against, but in support of his own interests, and made outside the presence of the party sought to be bound by them, are not admissible in favor of those who claim rights which the declaration would maintain." Equally inadmissible was the testimony of Mr. Stead, one of the attorneys for cross-complainant, that George had told him, more than a year after Alvina had died, that he owned parcel A.

All that Alvina received from George was a joint tenancy in his one-half interest in parcel A. Under the provisions of section 2224 of the Civil Code, she might have been declared an "involuntary" or a "constructive" trustee of that half interest, if she had outlived George and if the court had found that she obtained it from him through improper means, as for example, through fraudulent concealment of a mistake in regard to the title which she was bound to disclose to him. But she died before George, and whatever interest he had given her in joint tenancy immediately and by operation of law returned to him. It is apparent, therefore, that this is not a suit to impress a trust upon or to obtain legal title to real estate *secured from* George Whitney through improper means. It seems rather to be a suit to enforce specific performance of an alleged unwritten contract to transfer an interest in real estate, namely, the equivalent of a joint tenancy in Alvina's undivided half interest which she might have conveyed to George in her lifetime and which later would have ripened into full ownership by reason of his surviving her. But granting, without, by any means, deciding, that in this case cross-complainant may invoke every rule of equity available to a plaintiff relying upon the principles by which a constructive trust in real estate may be established, we feel that the judgment cannot stand, because certain findings on material issues conflict, others are not supported by the evidence, and testimony which may have persuaded the trial court to the view adopted was erroneously admitted.

Judgment reversed.

York, J., concurred.

Houser, P. J., concurred in the judgment.